## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

RENEE THOMAS,

     Plaintiff,

vs.                                                                          No. 2:15-cv-00290-SMV-LAM

FARMERS INSURANCE COMPANY                           **JURY DEMANDED**
OF ARIZONA,

     Defendant.

### DEFENDANT FARMERS INSURANCE COMPANY OF ARIZONA'S ANSWER TO COMPLAINT FOR NEGLIGENCE, DECLARATORY JUDGMENT, BREACH OF CONTRACT, AND DAMAGES

**COMES NOW** Defendant Farmers Insurance Company of Arizona (Farmers), by and

through its counsel of record, Riley, Shane & Keller, P.A. (Mark J. Riley and Tiffany L. Sanchez),

and hereby submits its Answer to Plaintiff's Complaint for Negligence, Declaratory Judgment,

Breach of Contract, and Damages as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be

dismissed with prejudice as a matter of law.

### RESPONSE TO ALLEGATIONS

Defendant Farmers responds to the allegations in the Complaint for Personal Injuries as

follows:

### I.  COMMON FACTUAL ALLEGATIONS

1.     Defendant Farmers lacks sufficient information to admit or deny the allegation in

paragraph 1 of the Complaint, and therefore denies the same and demands strict proof thereof.

2.     With regard to paragraph 2, Defendant Farmers admits that at all times material it was

a foreign insurance company authorized under New Mexico law to do business in the State of New

Mexico

      3.      With regard to the allegations in paragraph 3, Defendant Farmers admits that policy

number 0176903081 was issued by Farmers to Rudy Lopez.  The remainder of the allegations call

for legal conclusions and the Farmers policy otherwise speaks for itself, and to the extent a response

is required, Defendant Farmers denies those allegations contained in paragraph 3 and demands strict

proof thereof.

      4.      With regard to the allegations in paragraph 4, the allegations are vague and the

insurance policy number 0176903081 speaks for itself.  To the extent that a further response is

required, Farmers admits that policy number 0176903081, issued to named insured Rudy Lopez,

which was in effect the day of the alleged accident.

      5.      Farmers has insufficient information upon which to form a belief as to the truth of

the reminder of allegations contained in paragraphs 5, 6 and 7 and, therefore, denies the same and

demands strict proof thereof.

      6.      With regard to the allegations in paragraph 8, Farmers states that the Las Cruces

Police Department accident report includes the name of "Ricky Martinez" and speaks for itself.  To

the extent that a further response is required, Defendant Farmers has insufficient information upon

which to form a belief as to the truth of the allegations contained in paragraph 8, and therefore,

denies the same and demands strict proof thereof.

      7.      With regard to the allegations in paragraph 9, the allegations are vague and

conclusory.  To the extent that a further response is required, Farmers admits that Plaintiff's claim

was reported to Farmers.  With regard to the remainder of allegations, Farmers denies the same and

demands strict proof thereof.

8.      With regard to the allegations contained in paragraph 10, the Farmers policy speaks for itself. Further, the allegations constitute legal conclusions, not allegations of fact, and Defendant Farmers is not obligated to admit or deny legal conclusions.  To the extent an answer is required, Defendant Farmers denies same and demands strict proof thereof.

9.      Defendant Farmers denies the allegations in paragraph 11 and demands strict proof thereof.

## II. NEGLIGENCE

10.     Defendant Farmers submits that paragraph 12 contains mere surplusage to which no response is required.  To the extent a response is required, this Defendant denies the allegations contained in paragraph 12 and demands strict proof thereof.

11.     The allegations contained in paragraph 13 constitute legal conclusions, not allegations of fact, and Defendant Farmers is not obligated to admit or deny legal conclusions.  To the extent an answer is required, this Defendant states that the law speaks or itself and otherwise denies the allegations and demands strict proof thereof.

12.     Defendant Farmers denies the allegations in paragraphs 14 and 15 and demands strict proof thereof.

## III. DECLARATORY JUDGMENT

13.     Defendant Farmers submits that paragraph 16 contains mere surplusage to which no response is required.  To the extent a response is required, this Defendant denies the allegations contained in paragraph 16 and demands strict proof thereof.

14.     Defendant Farmers denies the allegations in paragraph 17 and demands strict proof

thereof.

15.     The allegations contained in paragraph 18 constitute legal conclusions, not allegations of fact, and Defendant Farmers is not obligated to admit or deny legal conclusions.  Further the Declaratory Judgment Act cited in paragraph 18 speaks for itself, and while Farmers does not dispute the existence of a dispute between the parties herein, Farmers disputes the Plaintiff's characterization of that dispute. To the extent an answer to the allegations is required, this Defendant further denies same and demands strict proof thereof.

## IV. UNDERINSURED MOTORIST (UIM) COVERAGE

16.     Defendant Farmers submits that paragraph 19 contains mere surplusage to which no response is required.  To the extent a response is required, this Defendant denies the allegations contained in paragraph 19 and demands strict proof thereof.

17.     Defendant Farmers denies the allegations in paragraphs 20, 21, 22, and 23 and demands strict proof thereof.

18.     With regard to the allegations in paragraph 24, the Farmers policy speaks for itself. The phrase "under applicable law" is vague and otherwise undefined and otherwise draws legal conclusions, not allegations of fact, and Defendant Farmers is not obligated to admit or deny legal conclusions.  To the extent an answer is required, this Defendant denies same and demands strict proof thereof.

## V.  VIOLATIONS OF THE NEW MEXICO INSURANCE CODE

19.     Defendant Farmers submits that paragraph 25 contains mere surplusage to which no response is required.  To the extent a response is required, this Defendant denies the allegations contained in paragraph 25 and demands strict proof thereof.

4

20.     Defendant Farmers denies the allegations contained in paragraphs 26, 27, 27(a), (b), (c), and (d), 28, 29, and 30 and demands strict proof thereof.

## VI.  VIOLATIONS OF THE NEW MEXICO UNFAIR PRACTICES ACT

21.     Defendant Farmers submits that paragraph 31 contains mere surplusage to which no response is required.  To the extent a response is required, this Defendant denies the allegations contained in paragraph 31 and demands strict proof thereof.

22.     The allegations contained in paragraph 32 constitute legal conclusions, not allegations of fact, and Defendant Farmers is not obligated to admit or deny legal conclusions.  To the extent an answer is required, this Defendant denies same and demands strict proof thereof.

23.     Defendant Farmers denies the allegations contained in paragraph 33 and demands strict proof thereof.

24.     The allegations contained in paragraph 34 and 35 constitute legal conclusions, not allegations of fact, and Defendant Farmers is not obligated to admit or deny legal conclusions.  To the extent an answer is required, this Defendant denies same and demands strict proof thereof.

25.     Defendant Farmers denies the allegations contained in paragraph 36 and demands strict proof thereof.

## VII. BAD FAITH BREACH OF CONTRACT

26.     Defendant Farmers submits that paragraph 37 contains mere surplusage to which no response is required.  To the extent a response is required, this Defendant denies the allegations contained in paragraph 37 and demands strict proof thereof.

27.     The allegations in paragraphs 38 and 39 are vague and it is unclear what Plaintiff means by "was insured for her damages caused by the accident of November 23, 2010" and "these

damages".  To the extent an answer is required, Defendant Farmers denies the allegations contained in paragraphs 38 and 39 and demands strict proof thereof.

28.     The allegations in paragraph 40 are vague and it is unclear the specific "New Mexico law" Plaintiff refers to in the allegations. Furthermore, the allegations contained in paragraph 40 constitute legal conclusions, not allegations of fact, and Defendant Farmers is not obligated to admit or deny legal conclusions.  To the extent an answer is required, this Defendant denies same and demands strict proof thereof.

29.     Defendant Farmers denies the allegations contained in paragraphs 41, 42, 43, 44, 45 and 46 and demands strict proof thereof.

30.     Defendant Farmers denies that Plaintiff is entitled to recover any of the damages and relief sought from this Defendant in her Complaint.

31.     All allegations not specifically admitted are denied.

**THIRD DEFENSE**

The claims of the Plaintiff are barred because Farmers has acted in good faith and has dealt fairly with its insureds at all times material to the claims alleged herein.

**FOURTH DEFENSE**

The claims of the Plaintiff are barred because Farmers has acted reasonably under the circumstances and conducted a timely and fair evaluation of the claims.

**FIFTH DEFENSE**

The claims of the Plaintiff are barred because Farmers' evaluation of the claims was reasonable under the applicable facts and circumstances and its handling of Plaintiff's claims was reasonable under the terms of the applicable policy and was neither frivolous nor unfounded.

## SIXTH DEFENSE

Farmers has complied with and fully performed all statutory and common law duties owed to Plaintiff under New Mexico law.

## SEVENTH DEFENSE

The claims of the Plaintiff are barred insofar as she has failed to comply with her obligations under the terms and conditions of the applicable policy.

## EIGHTH DEFENSE

The claims of the Plaintiff are barred insofar as she seeks damages and attorneys fees under theories that are contrary to well-established New Mexico law.

## NINTH DEFENSE

Plaintiff's damages are barred or should be reduced insofar as they do not comport with applicable provisions of the New Mexico Insurance Code.

## TENTH DEFENSE

The claims of the Plaintiff for punitive damages are barred by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and by the New Mexico Constitution insofar as those provisions prohibit the improper taking of property, cruel and unusual punishment, and denial of due process and equal protection of the laws.

## ELEVENTH DEFENSE

The claims of the Plaintiff are barred under the doctrine of unclean hands, laches and/or waiver and estoppel and the doctrine of accord and satisfaction.

## TWELFTH DEFENSE

The damages claimed by the Plaintiff are barred as Defendant neither owed nor breached any

duty allegedly owed to Plaintiff under the policy.

## THIRTEENTH DEFENSE

The claims of Plaintiff are barred as Defendant discharged all duties owed to Plaintiff under the policy.

## FOURTEENTH DEFENSE

The claims of the Plaintiff are barred in that she has failed to mitigate her damages.

## FIFTEENTH DEFENSE

The claims of the Plaintiff are barred insofar as she seeks damages, costs and attorneys fees under theories which are contrary to well-established New Mexico law.

Any allegation contained in Plaintiff's Complaint to which a sufficient response has not been made is hereby denied.

Defendant Farmers does not know which, if any, additional affirmative defenses may apply. Defendant has not knowingly or intentionally waived any affirmative defenses. This Defendant reserves the right to amend its Answer and/or to preserve cross-claims and/or counterclaims, adopt and assert any additional defense of which it may learn through discovery.

## JURY DEMAND

Defendant requests a jury trial.

**WHEREFORE,** having responded to Plaintiff's Complaint in full, this Defendant respectfully requests that the Court enter an order of dismissal with prejudice, award its costs and fees, and grant such other and further relief as may be just and proper.

Respectfully submitted,

**RILEY, SHANE & KELLER, P.A.**

By: */s/ Tiffany L. Sanchez (electronically filed)*
    **MARK J. RILEY**
    **TIFFANY L. SANCHEZ**
*Attorneys for Defendant Farmers Insurance*
 *Company of Arizona*
3880 Osuna Road NE
Albuquerque, NM 87109
(505) 883-5030

       The undersigned hereby certifies that on the 6th day of March, 2015, a copy of the foregoing was electronically filed through the CM/ECF system, which caused the following participating CM/ECF counsel to be served with same by electronic means:

Charles J. Ruhmann, IV
Paul G. Tellez
Ruhmann Law Firm
5915 Silver Springs, Bldg. #1
El Paso, TX 79912


on this 17th day of April, 2015.

 */s/ Tiffany L. Sanchez*
**MARK J. RILEY**
**TIFFANY L. SANCHEZ**