IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RENEE THOMAS,

    Plaintiff,

v.                                                    Civ. No. 15-290 RB-GBW

FARMERS INSURANCE COMPANY
OF ARIZONA,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion to Bifurcate and Stay Plaintiff's Extracontractual Claims and for a Protective Order (*doc. 23*). The motion is fully briefed and a hearing was held before the undersigned. *See docs. 27, 30, 36*. Being fully advised, the Court will grant the motion in part.

Plaintiff's Complaint asserts coverage and damage ("contractual") claims and bad faith ("extracontractual") claims against Defendant. Defendant seeks to bifurcate the contractual claims from the extracontractual claims for the purposes of discovery and trial. Moreover, Defendant seeks a stay of all discovery on the extracontractual claims until after a trial is held on the contractual claims. As explained at the hearing, pursuant to the request of the presiding judge, the undersigned is addressing both the requests for bifurcation of discovery and trial and the subsequent staying of discovery related to the extracontractual claims.

Having reviewed the briefing and discussed the matter with the parties, I find that bifurcation of discovery would promote judicial efficiency. Plaintiff concedes that her extracontractual claims are wholly contingent on prevailing on the contract claims. It is clear that the discovery on the extracontractual claims will be significantly different in scope and expense compared to the contractual claims. If the case can be resolved without delving into discovery on the extracontractual claims, significant costs will be avoided on both sides.

At the hearing, the Court proposed that the parties first conduct discovery relating to the contractual claims and then the Court would hold a settlement conference. *Doc. 36*. Only if the parties are unable to settle the case at that time will discovery related to the extracontractual claims begin. The parties agreed to the Court's proposal at the hearing. *Doc. 36*.

Notwithstanding the appropriateness of bifurcating discovery, I do not find a full bifurcation of trial (i.e. conducting one trial on contractual claims, conducting discovery on extracontractual claims, and conducting a second trial with a second jury on extracontractual claims) to be appropriate. If a jury found for Plaintiff on the contractual claims, such an approach would significantly delay resolution of her extracontractual claims. Moreover, the second trial would require a great deal of duplication of the first trial to inform the second jury of the foundations of the lawsuit. As such, rather than breaking the claims into multiple trials, one trial will be conducted

in two phases: the contractual claims will be addressed in the first phase and the extracontractual claims will be addressed in the second phase before the same jury.[1]  As discussed at the hearing, discovery on extracontractual claims shall begin immediately after the discovery phase relating to contractual claims and a settlement conference conducted by the Court.

Wherefore, IT IS HEREBY ORDERED that all discovery relevant to Count III (Declaratory Judgment) and Count IV (Underinsured Motorist Coverage) of Plaintiff's Complaint shall be completed no later than February 5, 2015.  All discovery not relevant to Count III or Count IV is hereby STAYED pending the completion of the first phase of discovery.[2]

Based on the forgoing reasons and those expressed at the hearing, Defendant's Motion to Bifurcate and Stay Plaintiffs' Extracontractual Claims and for a Protective Order (*doc. 23*) is hereby **GRANTED IN PART**.

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[1] Of course, the presiding judge may revisit this matter prior to trial.
[2] The discovery limitations set in the Order Adopting Joint Status Report (*doc. 14*) will be counted toward both phases of discovery, and counsel should use discovery requests with the understanding that they may need to save some requests for the second phase of discovery.